**IN THE COURT OF APPEALS OF IOWA**
No. 19-0920
Filed August 7, 2019

**IN THE INTEREST OF M.E.,**
**Minor Child,**

**M.S., Mother,**
        Appellant,

**L.E., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Jackson County, Phillip J. Tabor,

District Associate Judge.


        A mother and a father separately appeal the termination of their parental

rights.  **AFFIRMED ON BOTH APPEALS.**


        William A. Lansing of William A. Lansing, P.C., Dubuque, for appellant

mother.

        Elizabeth A. Srp of Srp Law, PLC, Clinton, for appellant father.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Chris Raker and Stuart Hoover, Dubuque, attorneys and guardians ad litem

for minor child.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.  Tabor, J.,

takes no part.

**BOWER, Judge.**

L.E., father, and M.S., mother, separately appeal the juvenile court decision terminating their parental rights to their child, M.E., born in August 2017. The father contends the juvenile court should have established a guardianship rather than terminating his parental rights. The mother contends the State failed to make reasonable efforts to reunify her with M.E. and also argues the court erred in denying her request to order a guardianship. We affirm on both appeals.

We review termination-of-parental-rights cases de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

The child was removed from the mother's care while the father was in jail in September 2018 based on concerns of domestic violence and illegal substance use by both parents. Both parents were using methamphetamine and the child tested positive for that substance. The father had abused drugs for about a decade. The mother, too, had an acknowledged substance-abuse problem.

The child was adjudicated a child in need of assistance (CINA) on September 17. The child was placed with the mother's sister, who also has two children, ages four and eight, with M.E.'s father. A permanency and termination of parental rights hearing was held on May 20, 2019. In the intervening eight months, for all but about twenty days, each parent was in treatment, in jail, or evading arrest warrants. After eight consecutive months, neither parent had successfully completed substance-abuse treatment. At the time of the termination hearing, the father was in substance-abuse treatment to avoid additional jail time and the mother was in jail; consequently, the child could not be returned to either parent. The court may order the termination of a parent's rights under Iowa Code

section 232.116(1)(h) (2019) if it finds the child is three years old or younger, has been adjudicated CINA, has been out of the parents' custody for at least six consecutive months, and clear and convincing evidence establishes the child cannot be returned to the parents' custody at the time. We find the elements for termination under section 232.116(1)(h) were established by clear and convincing evidence.

We do not address the mother's claims concerning reasonable efforts as they were not timely made in the juvenile court.[1] We will not review a reasonable-efforts claim unless it is raised prior to the termination hearing. *See In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994) (stating a party challenging reasonable efforts must do so prior to the termination hearing).

We reject both parents' assertions that a guardianship was more appropriate than termination of parental rights in light of—as the mother argues—the "intertwined nature of the proposed adoptive family." It is the parent resisting termination who bears the burden to establish an exception to termination under Iowa Code section 232.116(3)(a). *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Here, both parents requested a guardianship. The guardian ad litem and service providers recommended termination of parental rights. The juvenile court considered guardianship and determined that while it could not "change the family

---

[1] The mother contends she was eligible for and requested a trial home placement of the child with her in the residential treatment facility in February and March 2019. She also complains the department of human services failed to address why she left treatment. She does not point to where in the record she requested additional services from the juvenile court. As far as we can determine, neither complaint was made to the juvenile court until the mother testified at the termination hearing.

dynamics," it could provide the child with permanency and the relative providing care for the child with the authority to bring consistency to the child's chaotic life.

"An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." *Id.* at 475 (citation omitted). In determining whether termination of the parents' rights is in a child's best interests, the court should "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). Terminating parental rights allows the child to have permanency and stability with the relative through adoption, provides the relative the ability to determine what relationships are in the child's best interests, removes the intermittent duty of a guardian to report to the court, and removes the biological parents' ability to seek termination of the guardianship in the future. *See A.S.*, 906 N.W.2d at 477–78 (noting "a guardianship is not a legally preferable alternative to termination" (citation omitted)). We conclude termination is in the child's best interest and we therefore affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**